# EXHIBIT A

Verification, Case Docket, and Superior Court Documents

# VERIFICATION

STATE OF ARIZONA )
) ss.
County of Maricopa )

I, LISA HEMANN, hereby state, under the penalty of perjury, that the following information is true to my knowledge, information and belief:

1. I am the attorney for the Defendant State of Arizona in the matter of *A.E., et al. v. State of Arizona, et al.*, Cause No. CV2014-097315, currently pending in the Superior Court of the State of Arizona, County of Maricopa, before the Honorable David Udall.

2. On February 12, 2015, I filed a Notice of Removal under 28 U.S.C. § 1441(b) seeking to remove *A.E., et al. v. State of Arizona, et al.*, Cause No. CV2014-097315, to the United States District Court for the District of Arizona.

3. In compliance with 28 U.S.C. § 1441(a) and L.R.Civ. 3.7(b), I certify that the attached documents are true and accurate copies of pleadings and other documents that were filed in the Superior Court of the State of Arizona, Maricopa, in *A.E., et al. v. State of Arizona, et al.*, Cause No. CV2014-097315.

4. Also attached is a true and accurate copy of the court docket in *A.E., et al. v. State of Arizona, et al.*, Cause No. CV2014-097315.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this 12th day of February, 2015.

Lisa Hemann

LISA HEMANN

#4321687

Skip To MainContent

## The Judicial Branch of Arizona, Maricopa County

Search

Civil Court Case Information - Case History

### Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2014-097315 | Judge: | Udall, David |
| File Date: | 12/17/2014 | Location: | Southeast |
| Case Type: | Civil | | |

### Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Robert E Unknown | Plaintiff | Male | Laurence |
| Ayden E Unknown | In The Matter Of (IMO) | Male | Pro Per |
| State Of Arizona | Defendant | | Pro Per |
| Brandy Fuller | Defendant | Female | Pro Per |
| Danielle Reiher | Defendant | Female | Pro Per |
| Rosanna Mendoza | Defendant | Female | Pro Per |
| John M Testa | Defendant | Male | Pro Per |
| Lisa Wilson | Defendant | Female | Pro Per |
| Hannah Lord | Defendant | Female | Pro Per |
| Sunshine Residential Homes L L C | Defendant | | Pro Per |
| Angel Unknown | Defendant | Female | Pro Per |

### Case Documents

| Filing Date | Description | Docket Date | F |
|---|---|---|---|
| 2/3/2015 | CAN - Credit Memo Appearance Fee Paid | 2/4/2015 | |
| **NOTE:** Credit Memo/Appearance Fee Paid | | | |
| 2/2/2015 | NAR - Notice Of Appearance | 2/2/2015 | |
| **NOTE:** Special Limited Notice of Appearance on Behalf of State of Arizona | | | |
| 1/22/2015 | AFS - Affidavit Of Service | 1/28/2015 | |
| **NOTE:** SUNSHINE RESIDENTIAL HOMES INC | | | |
| 1/21/2015 | AFS - Affidavit Of Service | 1/23/2015 | |
| **NOTE:** STATE OF ARIZONA | | | |
| 1/21/2015 | SUM - Summons | 1/23/2015 | |
| 12/17/2014 | COM - Complaint | 12/23/2014 | |
| 12/17/2014 | CCN - Cert Arbitration - Not Subject | 12/23/2014 | |
| 12/17/2014 | CSH - Coversheet | 12/23/2014 | |
| 12/17/2014 | STA - Statement | 12/23/2014 | |
| **NOTE:** EXPERT CERTIFICATION / | | | |

### Case Calendar

**There are no calendar events on file**

### Judgments

**There are no judgments on file**

FILED
12/17/2014 4:19 PM
MICHAEL K. JEANES, Clerk
By M. Carter
Deputy

Laurence M. Berlin, Esq.
4525 E. Skyline Drive, Suite 111
Tucson, AZ 85718
(520) 615-0034
State Bar of Arizona # 006558
PCC# 3984
Attorney for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| AYDEN E., a minor; and ROBERT E., as Ayden's father and next friend, and in his own right;<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA; BRANDY FULLER, individually and in her capacity as an employee of the State of Arizona; DANIELLE REIHER, individually and in her capacity as an employee of the State of Arizona; ROSANNA MENDOZA, individually and in her capacity as an employee of the State of Arizona; JOHN M. TESTA, individually and in his capacity as an employee of the State of Arizona; LISA WILSON, individually and in her capacity as an employee of the State of Arizona; HANNAH LORD, individually and in her capacity as an employee of the State of Arizona; SUNSHINE RESIDENTIAL HOMES, LLC, aka SUNSHINE GROUP HOMES, a licensed child care entity doing business in Maricopa Co.; ANGEL DOE, a minor in the custody of the State of Arizona; JOHN AND JANE DOES I-X; and XYZ CORPORATIONS and GOVERNMENT ENTITIES I-X;<br><br>Defendants. | CASE NO.<br><br>CV2014-097315<br><br>EXPERT CERTIFICATION STATEMENT<br><br>Assigned to: |

Laurence M. Berlin, attorney for Plaintiff, pursuant to A.R.S. §12-2603, hereby attests to the following:

A complaint has been filed against the above-captioned Defendants.

Expert testimony with respect to the fields of Child Welfare Social Work, may be necessary to prove Defendants fell below the standard of care in their dealings with Plaintiffs.

Preliminary expert opinion affidavit(s) outlining Defendants' breaches of the standard of care, as required by A.R.S. §12-2603(B), shall be served with Initial Disclosures required by Arizona Rules of Civil Procedure, Rule 26.1

DATED this 16th day of December, 2014.

Laurence M. Berlin
Counsel for Plaintiffs

**In the Superior Court of the State of Arizona**
**In and For the County of Maricopa**

[redacted]

CV2014-097315

FILING ONLY

(Please Type or Print)

Plaintiff's Attorney LAURENCE M BERLIN ESQ.

Attorney Bar Number #006558 PCC# 3984

FILED
BY M. CARTER, DEP
MICHAEL K. JEANES, CLERK
RECEIVED SE COC MAIL
14 DEC 17 PM 4:19

Is Interpreter Needed? ___

If yes, what language:

To the best of my knowledge, all information is true and correct.

Attorney/Pro Per signature (If no attorney, your signature)

Plaintiff's Name(s): (List all)
AYDEN E.
ROBERT E.

Plaintiff's Address:
C/O LAURENCE M. BERLIN, ESQ.
4525 E. SKYLINE DRIVE, SUITE 111
TUCSON, AZ 85718

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All) State of Arizona, Brandy Fuller, Danielle Reiher, Rosanna Mendoza, John M. Testa, Lisa Wilson, Hannah Lord, Sunshine Residential Homes, Angel Doe

(List additional defendants on page two and/or attach a separate sheet))

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order ☐ Provisional Remedy ☐ OSC ☐ Election Challenge ☐ Employer Sanction ☐ Other ________________ (Specify)

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.
(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☐ Wrongful Death

**TORT NON-MOTOR VEHICLE:**
☒ Negligence
☐ Product Liability – Asbestos
☐ Product Liability – Tobacco
☐ Product Liability – Toxic/Other
☐ Intentional Tort
☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional
☐ Premises Liability
☐ Slander/Libel/Defamation
☐ Other (Specify) ____________

**MEDICAL MALPRACTICE:**
☐ Physician M.D. ☐ Hospital
☐ Physician D.O ☐ Other

**CONTRACTS:**
☐ Account (Open or Stated)
☐ Promissory Note
☐ Foreclosure
☐ Buyer-Plaintiff
☐ Fraud
☐ Other Contract (i.e. Breach of Contract)
☐ Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
  ☐ Six to Nineteen Structures
  ☐ Twenty or More Structures

**OTHER CIVIL CASE TYPES:**
☐ Eminent Domain/Condemnation

**OTHER CIVIL CASE TYPES: (Continued)**

☐Forcible Detainer
☐Change of Name
☐Transcript of Judgment
☐Foreign Judgment
☐Quiet Title
☐Forfeiture
☐Election Challenge
☐NCC- Employer Sanction Action (A.R.S. §23-212)
☐Injunction against Workplace Harassment
☐Injunction against Harassment
☐Civil Penalty
☐Water Rights(Not General Stream Adjudication)
☐Real Property
☐Sexually Violent Person (A.R.S. §36-3704) (Except Maricopa County)
☐Minor Abortion (See Juvenile in Maricopa County)
☐Special Action Against Lower Courts (See lower court appeal cover sheet in Maricopa)

**UNCLASSIFIED CIVIL:**

☐Administrative Review (See lower court appeal cover sheet in Maricopa)
☐Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)
☐Declaratory Judgment
☐Habeas Corpus
☐Landlord Tenant Dispute- Other
☐Restoration of Civil Rights (Federal)
☐Clearance of Records (A.R.S. §13-4051)
☐Declaration of Factual Innocence (A.R.S. §12-771)
☐Declaration of Factual Improper Party Status
☐Vulnerable Adult (A.R.S. §46-451)
☐Tribal Judgment
☐Structured Settlement (A.R.S. §12-2901)
☐Attorney Conservatorships (State Bar)
☐Unauthorized Practice of Law (State Bar)
☐Out-of-State Deposition for Foreign Jurisdiction
☐Secure Attendance of Prisoner
☐Assurance of Discontinuance
☐In-State Deposition for Foreign Jurisdiction
☐Eminent Domain– Light Rail Only
☐Interpleader– Automobile Only
☐Delayed Birth Certificate (A.R.S. §36-333.03)
☐Employment Dispute- Discrimination
☐Employment Dispute-Other
☐Other ______________________
(Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐Antitrust/Trade Regulation
☐Construction Defect with many parties or structures
☐Mass Tort
☐Securities Litigation with many parties
☐Environmental Toxic Tort with many parties
☐Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

______________________________________________

______________________________________________

______________________________________________

Additional Defendant(s)

______________________________________________

______________________________________________

______________________________________________

MICHAEL K. JEANES, CLERK
BY M. Carter DEP
FILED
12/17/2014 4:19 PM

Laurence M. Berlin, Esq.
4525 E. Skyline Drive, Suite 111
Tucson, AZ 85718
(520) 615-0034
State Bar of Arizona # 006558
PCC# 3984
Attorney for Plaintiff

ARIZONA SUPERIOR COURT

MARICOPA COUNTY

| | |
|---|---|
| AYDEN E., a minor; and ROBERT E., as Ayden's father and next friend, and in his own right;<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA; BRANDY FULLER, individually and in her capacity as an employee of the State of Arizona; DANIELLE REIHER, individually and in her capacity as an employee of the State of Arizona; ROSANNA MENDOZA, individually and in her capacity as an employee of the State of Arizona; JOHN M. TESTA, individually and in his capacity as an employee of the State of Arizona; LISA WILSON, individually and in her capacity as an employee of the State of Arizona; HANNAH LORD, individually and in her capacity as an employee of the State of Arizona; SUNSHINE RESIDENTIAL HOMES, LLC, aka SUNSHINE GROUP HOMES, a licensed child care entity doing business in Maricopa Co.; ANGEL DOE, a minor in the custody of the State of Arizona; JOHN AND JANE DOES I-X; and XYZ CORPORATIONS and GOVERNMENT ENTITIES I-X;<br><br>Defendants. | CASE NO. CV2014-097315<br><br>CERTIFICATE OF COMPULSORY ARBITRATION<br><br>Assigned to: |

The undersigned certifies that the largest award sought by the Complainants, include punitive damages, but excluding interest, attorneys' fees, and costs **does exceed** the limits set by Local Rule for

compulsory arbitration. This case **is not** subject to compulsory arbitration as provided by Rules 72 through 76, Arizona Rules of Civil Procedure.

I further certify that I have read this Certificate of Compulsory Arbitration and the Complaint filed herewith, and that to the best of my knowledge, information and belief, formed after reasonable injury, it is warranted; and, that the allegation as to arbitrability is not set forth for any improper purpose.

I understand that I have an affirmative duty to seasonably amend this Certificate if I obtain information from which I know this Certificate either was incorrect when made or, though correct when made, is no longer true.

These certifications are made subject to the provision of Rule 11(a), Arizona Rules of Civil Procedure.

Dated: December 16th, 2014.

Laurence M. Berlin
Attorney for Plaintiffs

MICHAEL K. JEANES
Clerk of the Superior Court
By Makiba Carter, Deputy
Date 12/17/2014 Time 4:19 PM
Description Amount
--------- CASE# CV2014-097315 ---------
CIVIL NEW COMPLAINT 319.00

TOTAL AMOUNT 319.00
Receipt# 24215845

Laurence M. Berlin, Esq.

4525 E. Skyline Drive, Suite 111
Tucson, AZ 85718
(520) 615-0034
State Bar of Arizona # 006558
PCC# 3984
and
P.O. Box 685
Reserve, New Mexico 87830
(505) 533-6688
State Bar of New Mexico # 7097

Attorney for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| AYDEN E., a minor; and ROBERT E., as Ayden's father and next friend, and in his own right;<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA; BRANDY FULLER, individually and in her capacity as an employee of the State of Arizona; DANIELLE REIHER, individually and in her capacity as an employee of the State of Arizona; ROSANNA MENDOZA, individually and in her capacity as an employee of the State of Arizona; JOHN M. TESTA, individually and in his capacity as an employee of the State of Arizona; LISA WILSON, individually and in her capacity as an employee of the State of Arizona; HANNAH LORD, individually and in her capacity as an employee of the State of Arizona; SUNSHINE RESIDENTIAL HOMES, LLC, aka SUNSHINE GROUP HOMES, a licensed child care entity doing business in Maricopa Co.; ANGEL DOE, a minor in the custody of the State of Arizona; JOHN AND JANE DOES I-X; and XYZ | CASE NO.<br><br>CV2014-097315<br><br>COMPLAINT<br><br>[Tort, non-motor vehicle; Civil Rights, 42 USC 1983]<br><br>Assigned to: |

CORPORATIONS and GOVERNMENT )
ENTITIES I-X; )
)
Defendants. )
)

Plaintiffs allege:

INTRODUCTION

1. This case arises primarily from child sexual abuse in Arizona's faster care system. The minor Plaintiff Ayden E.[1] was taken from his home and family by the state's Child Protective Services (CPS) and placed into the legal custody and care of the Defendant State of Arizona. He was nine and ten years old while in he state's custody.

2. In the course of Arizona Child Protective Services' (CPS) involvement in young Ayden E.'s life, the state wrongfully:

a. Took him from his family;

b. Separated him from his siblings;

c. Subjected him to multiple inappropriate and dangerous placements;

d. Exposed him to sexual, mental and physical abuse, including homosexual rape; and continued to do so --

  i. Even after being apprised of wrongful sexual contact and the ongoing danger; and

  ii. Even after being instructed to remove the perpetrator from the placement;

e. Placed him in a harmfully inappropriate educational milieu; and

[1] Defendants are being apprised of the true names of Plaintiff's Ayden E. and his father Robert E. by means of a letter from undersigned counsel to be served on them with the Summonses and this Complaint.

f. Drugged the child with harmfully inappropriate psychotropics notwithstanding the denial of parental consent.

3. Each and all of the foregoing wrongs were unnecessary, in violation of the State of Arizona's own regulations and guidelines, and in violation of well-established national child welfare standards established pursuant to the Social Security Act (42 USC §§ 601, et seq.) and the Indian Child Welfare Act (ICWA) (25 USC §§ 1901, et seq.).

4. The child and his father had *fundamental liberty interests* in the child's safety and bodily integrity and in the sanctity of their family. The Fourteenth Amendment to the United States Constitution guarantees these liberty interests. Thus, in the course of Arizona CPS' involvement in young Ayden E.'s life, it violated the Plaintiffs' civil rights, including Ayden's right not to be abused and his father's parental rights.

5. The wrongful conduct of CPS and of the placements in which it kept Ayden E., and the resulting abuses, caused severe mental, emotional, physical, and educational harm and economic loss.

6. This Complaint is to be read as an integrated whole such that the allegations in each count or section apply to all counts or sections.

PARTIES, JURISDICTION AND VENUE

7. Plaintiffs Ayden E. and Robert E. have been residents of Maricopa County, Arizona, at all times material hereto.

8. Plaintiffs Ayden E. and his father, Robert E., have been registered members of the Mohegan Indian Tribe at all times material hereto.

9. All of the acts and omissions alleged herein occurred in Maricopa County, Arizona.

10. Jurisdiction and venue against Defendant State of Arizona lies in Maricopa County.

11. Defendants Brandy Fuller, Danielle Reiher, Rosanna Mendoza, John M. Testa, Lisa Wilson and Hannah Lord have each been residents of Maricopa Co., Arizona, at all times material hereto.

12. At all times material hereto, Defendants Brandy Fuller, Danielle Reiher, Rosanna Mendoza, John M. Testa, Lisa Wilson and Hannah Lord were social workers and social work supervisors in the employ of the Child Protective Service (CPS) of Arizona's Department of Economic Security. Federal civil rights causes of action stated herein are brought against those Defendants in their individual capacities only. All other causes of action stated herein against those defendants are brought against them individually and as employees and/or agents of CPS and the state.

13. At all times material hereto, Defendant Sunshine Residential Homes, LLC, aka Sunshine Group Homes (hereinafter "Sunshine"), has been a child care provider licensed by the State of Arizona, and a corporate entity doing business in Maricopa County, Arizona.

14. At all times material hereto, Defendant Sunshine was licensed by Defendant State of Arizona to provide residential care for children with special needs who were adjudicated dependents of the state.

15. At all times material hereto, Defendant Angel 'Doe' was a "special needs" minor in the legal custody of Defendant State of Arizona and placed by the state in foster care and/or other residential care.

16. The true name and identity of Defendant Angel 'Doe' is well known to the Defendant State of Arizona but not to Plaintiffs or their counsel, who expect to be informed of his identity, and that of other perpetrators of sexual and other abuses against young Ayden E., through the course of this litigation.

17. At all times material hereto, Defendants Angel 'Doe' and some of Defendants John and Jane Does I-X, were adjudicated minor dependents of Defendant State of Arizona, and/or were in the state's care and custody.

18. At all times material hereto, Defendants Angel 'Doe' and some of Defendants John and Jane Does I-X, were placed and maintained in foster and/or other residential care by the Defendant State of Arizona and its social workers, and were accepted and maintained there by the Defendant Sunshine and other licensed childcare, foster, and group home providers.

19. Plaintiffs and their counsel do not presently know the true names and identities of Defendants John and Jane Does I-X, and XYZ CORPORATIONS and GOVERNMENT ENTITIES I-X. Plaintiffs believe that some of these fictitiously pled Defendants were minors who abused Ayden E. sexually and in other ways and that some were care providers, case managers, licensing workers and/or supervisors for Ayden and/or for other minors who were perpetrators of abuse. This Complaint will be amended to identify said defendants when and as appropriate in the course of discovery and preparation for trial.

20. The acts and omissions of all defendants were done in concert, each with the others. Arizona's Department of Economic Security and its employees and licensees were the agents, supervisors and/or supervisees, each of the

others, and were subject to the control, each of the others; all sufficient to establish vicarious liability.

21. While the minor Plaintiff, Ayden E., was in the custody and care of Defendant State of Arizona, the state assigned Defendants Fuller, Reiher, Mendoza, Testa, Wilson, Lord and others to Ayden, to serve as his case managers and case management supervisors.

22. Throughout the time Ayden E. was in the legal and physical custody of Defendant State of Arizona, its social workers placed and maintained him in several foster and group homes, including Defendant Sunshine's, which willingly accepted and maintained Ayden in that placement.

NEGLIGENCE AND NEGLIGENCE PER SE

23. Defendant State of Arizona owed the minor Plaintiff, Ayden E., and his father, Robert E., duties to provide reasonable child welfare services.

24. At all times material hereto, Defendant State of Arizona and its social worker defendants Fuller, Reiher, Mendoza, Testa, Wilson, Lord and others were under duties to provide reasonable investigation, case management, and licensing services for the benefit of the minor, Ayden E.

25. At all times material hereto, Defendant State of Arizona was under a duty to provide reasonable licensing and supervision of Defendants Sunshine and other foster and/or residential placements, for the care, protection and safety of the minor, Ayden E.

26. At all times while in the state's care and custody, Defendant State of Arizona owed the minor Plaintiff, Ayden E., care which, at a minimum, was reasonably in accord with established national standards and with the state's

own standards, statutes, policies, guidelines, instructions and procedures relating to custody, placement, education, healthcare, safety, supervision, and protection of dependent children.

27. At all times while in the state's care and custody, Defendant State of Arizona owed the minor Plaintiff, Ayden E., care that, at a minimum, was reasonably in accord with established national standards and with the state's own standards, statutes, policies, guidelines, instructions and procedures relating to the licensing and supervision of foster and group residential care.

28. At all times material hereto, Defendants Sunshine and other licensed foster and/or residential placements in which the minor Plaintiff, Ayden E., was placed were under duties to provide him with reasonable care and protection including without limitation determining whether it was appropriate to accept and keep the child at their facility as well as a safe environment.

29. Each and all of social worker defendants Fuller, Reiher, Mendoza, Testa, Wilson, Lord and other social workers involved in the protection and care of minors Ayden E., Angel 'Doe' and other minor perpetrators, and Defendants Sunshine and other homes in which the state placed those minors, breached their duties to Plaintiff Ayden E. by failing to provide reasonable case management (i.e., supervision of the child's care and supervision of the child's case manager), and by failing to provide reasonable foster and/or other residential care, licensing and licensing supervision. Without limitation, these defendants failed to provide reasonable dependent childcare and child welfare services in each and all of the following respects:

a. Inadequate investigation of report(s) of abuse or neglect;

b. Improper adjudication of Ayden E.'s dependency;

c. Inadequate evaluation of the children's placement needs;

d. Inadequate selection of possible placements for the children;

e. Inadequate matching of Ayden E. with possible placements, including without limitation the placement in which Ayden was exposed to Defendant Angel 'Doe';

f. Inappropriate and unlawful interference with Plaintiff Robert E.'s parental rights;

g. Inadequate case manager home visits with Plaintiff Ayden E. in the foster and group home settings in which the Defendant State placed and maintained him;

h. Inadequate child centered case planning, staffing and reviews for A yden E. and his father;

i. Inadequate family centered case planning, staffing, and reviews for Ayden E. and his father;

j. Inadequate case planning, provision of services, staffing and reviews to protect Ayden E.'s and his father's Indian Family and to prevent breaking it up and otherwise harming the family. I.e., inadequate performance pursuant to ICWA, including without limitation 25 USC §§ 1912 d. and e.; 1915 b., c. and d.; 1916 b.; 1920; and 1921.

k. Inadequate monitoring and supervision by all social work and provider defendants; and

l. Inadequate licensing and supervision of foster parent and group home defendants by the state's licensing personnel.

30. As a direct and proximate result of the negligence alleged herein, Plaintiff Ayden E. has suffered and continues to suffer physical, mental emotional, and educational harm; harm to familial relationships; and will probably suffer future economic losses.

31. As a direct and proximate result of the negligence alleged herein, Plaintiff Robert E. has suffered and continues to suffer harm to family relationships and harm to his business, thus also incurring past and future economic losses.

## 42 USC § 1983, ET SEQ. – VIOLATION OF CVIL RIGHTS

32. At all times material hereto, Plaintiff Ayden E. had substantive and procedural due process rights to the protections of Arizona's statutory and regulatory child welfare scheme.

33. As a dependent of the State of Arizona, and while in the state's care and custody, the minor Plaintiff, Ayden E., had a fundamental liberty interest in safe conditions, personal security, and bodily integrity, including the right to reasonable safety. This was his right under the Fourteenth Amendment to the United States Constitution and was well established at all times material hereto.

34. At all times material hereto, Ayden's father, Plaintiff Robert E., had a fundamental liberty interest in the sanctity of his family, including without limitation the parent and child relationship and the care, custody, control and management of his child, Ayden E. Without limitation, this liberty interest extends to social and cultural childrearing decisions including without limitation educational, medical, and religious decision-making. Plaintiff Robert E.'s

parental rights arise from the Fourteenth Amendment to United States Constitution and were well established at all times material hereto.

35. As members of the Mohegan Tribe, Plaintiffs Ayden E. and his father, Robert E., had well established statutory rights to be treated by Defendant State of Arizona and its agents and employees in a manner compliant with the standards of care established by and pursuant to the Indian Child Welfare Act, 25 USC §§ 1901, et seq., including without limitation 25 USC § 1921 and federal regulations and standards (however denominated) that have been promulgated thereunder.

36. At all times material hereto, the state's social worker defendants Fuller, Reiher, Mendoza, Testa, Wilson, Lord and others were acting under color of law.

37. The social worker defendants Fuller, Reiher, Mendoza, Testa, Wilson, Lord and others, in doing each and all of the acts and omissions alleged herein, were deliberately indifferent to the rights and interests of Plaintiffs Ayden E. and his father, Robert E., causing each of them to be deprived of the civil rights described herein, and for which 42 USC 1983 provides a private right of action.

38. As a direct and proximate result of the violation of his civil rights, alleged herein, Plaintiff Ayden E. has suffered and continues to suffer physical, mental, emotional and educational harm; harm to familial relationships; and will probably suffer future economic losses.

39. As a direct and proximate result of the violation of his civil rights, alleged herein, Plaintiff Robert E. has suffered and continues to suffer harm to the sanctity of his family and harm to his business, thus also incurring past and future economic losses.

## DAMAGES

40. As a direct and proximate result of the failure of the Defendant State of Arizona, its social workers, and its licensees to provide reasonable child welfare services and dependent child care, and of the deliberate indifference of the social worker defendants to the rights and interests of the minor Plaintiff, Ayden E., (i.e., their violation of the child's civil rights), the child was neglected and abused in the state's custody and care, and became the victim of severe and repeated sexual abuse and other wrongs, including without limitation:

- Child sexual abuse including homosexual rape and other inappropriate sexual contacts, repeatedly, over an extended period of time;
- Wrongful separation from his father and other family members;
- Harmful drugging to control the child's behavior;
- Harmful interference with the child's education;
- Wrongful imposition of religious doctrine other than that of the child and his family.

41. The neglect, sexual abuse, and other physical and mental abuse suffered by Ayden E. resulted in harm that has negatively affected, and will continue negatively to affect the child's social and familial development, education, and employment potential (earning capacity). Amelioration of these damages probably will require psychotherapy and special education. The amounts of these special and general damages each exceed the jurisdictional minimum of this Court, in amounts to be proven at trial.

42. Each and all of the wrongful separation of Ayden E. from his father and family; the exposure of Ayden to sexual, physical and mental abuse; the

wrongful drugging of Ayden; the wrongful interference with Ayden's education; and the wrongful imposition of religious doctrine other than his own and his family's have resulted in harm that has negatively affected, and will continue negatively to affect the child's social and familial development, education, and employment potential (earning capacity). Amelioration of these damages probably will require psychotherapy and special education. The amounts of these special and general damages each exceed the jurisdictional minimum of this Court, in amounts to be proven at trial.

43. The acts and omissions of the social worker defendants were done intentionally and/or with malice, with an awareness of the substantial risk of serious harm that would result if the child's care and protection in the state's custody was not properly supervised, and with deliberate indifference to the established standards of care and to the welfare of the minor, Ayden E. For the malignant heart displayed by these defendants' conduct, they should be assessed exemplary or punitive damages.

44. The acts and omissions of Defendant Sunshine and other non-government actors were done intentionally and/or with malice. They were done with an awareness of the substantial risk of serious harm due to inappropriate exposures and supervision for the protection of the minor Plaintiff, Ayden E. For the malignant heart displayed by these defendants' conduct, they should be assessed exemplary or punitive damages.

45. The physically and sexually abusive acts of Defendants Angel 'Doe' and others who abused young Ayden E. were intentional and malicious. Therefore, they should be assessed exemplary or punitive damages.

46. As a direct and proximate result of the failure of the Defendant State of Arizona and its social workers, and of the deliberate indifference of the social worker defendants to the rights and interests of the Ayden's father, Plaintiff Robert E., in the sanctity of his family (i.e., their violation of the father's civil rights), he has suffered and continues to suffer harm to his family and has also suffered economic loss. The amounts of these special and general damages each exceed the jurisdictional minimum of this Court, in amounts to be proven at trial.

47. The harm to the sanctity of Robert E.'s family and to his income was done knowingly and intentionally and with deliberate indifference to the rights and interests of Plaintiff Robert E. and/or with malice. They were done with an awareness of the substantial risk of serious harm to Robert's family and to his business. Therefore, they should be assessed exemplary or punitive damages.

WHEREFORE, Plaintiffs request judgment as follows:

a. Just and reasonable special damages in favor of each plaintiff and against each and all defendants, in amounts to be proven at trial;
b. Just and reasonable general damages in favor of each plaintiff and against each and all defendants, in amounts to be proven at trial;
c. Just and reasonable exemplary or punitive damages, in favor of the minor Plaintiff, Ayden E., and against Defendant Sunshine in amounts to be determined at trial;

d. Just and reasonable exemplary or punitive damages in favor of each plaintiff and against the social worker defendants in amounts to be determined at trial;

e. Just and reasonable exemplary or punitive damages in favor of the minor Plaintiff, Ayden E., and against Defendant Angel 'Doe' and other perpetrators in amounts to be determined at trial;

d. Litigation costs and attorney fees incurred herein to the extent permitted by 42 USC § 1988 and by other laws and/or in equity;

e. Such other and further relief as this Honorable Court may deem appropriate.

RESPECTFULLY SUBMITTED this 16th day of December 2014.

LAURENCE M. BERLIN
Attorney for Plaintiffs

ORIGINAL

Laurence M. Berlin, Esq.
6525 E. Skyline Drive, Suite 111
Tucson, AZ 85718
(520) 615-0034
State Bar of Arizona # 116558
PCC # 3984
Attorney for Plaintiff

MICHAEL K. JEANES, CLERK
BY [signature] DEP
FILED

15 JAN 21 AM 11: 19

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

AYDEN E., a minor; and ROBERT E., as Ayden's father and next friend, and in his own right;

Plaintiff,

vs.

STATE OF ARIZONA; BRANDY FULLER, individually and in her capacity as an employee of the State of Arizona; DANIELLE REIHER, individually and in her capacity as an employee of the State of Arizona; ROSANNA MENDOZA, individually and in her capacity as an employee of the State of Arizona; JOHN M. TESTA, individually and in his capacity as an employee of the State of Arizona; LISA WILSON, individually and in her capacity as an employee of the State of Arizona; HANNAH LORD, individually and in her capacity as an employee of the State of Arizona; SUNSHINE RESIDENTIAL HOMES, LLC, aka SUNSHINE GROUP HOMES, a licensed child care entity doing business in Maricopa Co.; ANGEL DOE, a minor in the custody of the State of Arizona; JOHN AND JANE DOES I-X; and XYZ CORPORATIONS and GOVERNMENT ENTITIES I-X;

Defendants.

CASE NO. CV2014-097315

SUMMONS

Assigned to:

If you would like legal advice from a lawyer, contact the Lawyer Referral Service at

**602-257-4434**
or
**www.lawyerfinders.org.**

Sponsored by the Maricopa County Bar Association

THE STATE OF ARIZONA to the above-named Defendant:

**STATE OF ARIZONA**

I. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this "Summons".

II. If you do not want a Judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the court and pay the filing fee. If you do not file an "Answer" or a "Response the other party may be given the relief requested in his/her Petition or Complaint. To file your "Answer" or "Response" take, or send the "Answer" or "Response" to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 50003-2205 or the Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 or Office of the Clerk of Superior Court, 222 East Javelina Drive, Mesa, Arizona 85210-6201 or Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona 85374. Mail a copy of your "Answer" or "Response" to the other party at the address listed on the top of this Summons.

III. If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Answer" or "Response" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served , not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

IV. Your can get a copy of the court papers filed in this case from the Plaintiff/Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court's Customer Service Center at 601 West Jackson, Phoenix, Arizona 85003 or a 222 East Javelina Drive, Mesa, Arizona 85210.

V. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least five (5) days before your scheduled court date.

WITNESS My Hand and the Seal of the Superior Court.

DATED: DEC 17 2014

CLERK OF THE SUPERIOR COURT

MICHAEL K. JEANES, CLERK

By: ______________________

Deputy Clerk

M. Carter
Deputy Clerk

SEAL OF THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA — CLERK OF THE SUPERIOR COURT

MICHAEL K. JEANES, CLERK
BY [signature] DEP
FILED
15 JAN 21 AM 11: 19

First Legal Network
10 East Broadway, Suite 105
Tucson, AZ 85701
P: (520) 798-2200 F: (520) 798-2201

IN THE ARIZONA SUPERIOR COURT MARICOPA COUNTY-OLD COURTHOUSE
STATE OF ARIZONA COUNTY OF MARICOPA

**AYDEN E., a minor; AND ROBERT E. as Ayden's father and next friend, and in his own right**

VS.

**STATE OF ARIZONA; BRANDY FULLER, individually**

Case No.:CV2014-097315

AFFIDAVIT OF SERVICE

STATE OF ARIZONA
MARICOPA COUNTY

CLIENT REF:

# AFFIDAVIT OF SERVICE

THE AFFIANT, being sworn, states: That I am a private process server registered in PIMA COUNTY and an officer for the Court. On 1/12/2015 I received a copy of the LETTER DATED 1/6/2015; SUMMONS; COMPLAINT (TORT NON-MOTOR VEHICLE, CIVIL RIGHTS, 42 USC 1983); CERTIFICATE OF COMPULSORY ARBITRATION; EXPERT CERTIFICATION STATEMENT from LAURENCE MARC BERLIN, ESQ.

On 1/13/2015 at 9:55 AM at 400 W. CONGRESS STREET, 3RD FLOOR, TUCSON, AZ 85701 I served STATE OF ARIZONA BY SERVICE UPON THE ARIZONA ATTORNEY GENERAL, MARK BERNOVICH with the above listed documents by then and there personally delivering a true and correct copy of the documents by leaving with FLORINA FUENTES whose relationship is RECEPTIONIST.

Physical description of person served: Gender: Female Race: HISPANIC Age: 35 Height: 5'6" Weight: 145 lbs Hair: BROWN Eyes: BROWN

Subscribed and sworn before me, a Notary Public, this 14th day of January, 2015

[signature]

Veronica Rose Mitchell-White, Notary Public
My Commision expires on: 3/25/2018

OFFICIAL SEAL
VERONICA ROSE MITCHELL-WHITE
NOTARY PUBLIC - ARIZONA
PIMA COUNTY
My Comm. Exp. Mar. 25, 2018

[signature]

Daniel R. Ronnie
Sworn before me on 1/14/2015

Affiant

| | |
|---|---|
| Service - Routine | $ 16.00 |
| Mileage - Minimum | $ 16.00 |
| Notary | $ 10.00 |
| TOTAL: | $ 42.00 |

P105390 -

JAN 22 2015 FILED 9:22 Am
MICHAEL K. JEANES, Clerk
By A. Corona
Deputy

Arizona Quick Serve
7150 E Camelback Road, Suite 444
Scottsdale, AZ 85251
480.314.5050

**IN THE MARICOPA COUNTY SUPERIOR COURT, STATE OF ARIZONA**

**Ayden E., et,al,**

Plaintiff(s)/Petitioner(s),

v.

**State of Arizona, et.al,**

Defendant(s)/Respondent(s).

**Case Number: CV2014-097315**

**CERTIFICATE OF PROCESS**

The undersigned certifies I am fully qualified under ARCP 4(e) to serve process within the State of Arizona, and executed service in the manner described below:

Documents Served: **Summons; Civil Cover Sheet; Expert Certification Statement; Complaint**

Service Upon: **Sunshine Residential Homes, Inc**

Date of Service: **01/14/2015** Time Of Service: **1:43 PM**

**Address of Service: 17201 N 63rd Ave , Glendale, AZ 85308**

**Manner of Service:**

☐ By serving ______________________ in person.

☐ Substitute, by serving ______________________, a person of suitable age & discretion who resides with ______________________ at the address of service.

☑ By personally serving **Simon Kottoor** who holds the position of **Registered Agent** .

☐ Other Service, As Detailed Below.

☐ Non-Service for the Reasons Detailed Below.

______________________

______________________

I certify under penalty of perjury that the foregoing is true and correct.

X [signature]

Declarant: Print Name Suzette Jordan

Registered in Maricopa County

**Executed on** 1 / 19 **/2015**

| | |
|---|---|
| Service: | $60.00 |
| Mileage: | $ — |
| Locate: | $ — |
| Other: | $ — |
| Total: | $60.00 |

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
M. Ross, Deputy
2/2/2015 12:11:00 PM
Filing ID 6378505

Mark Brnovich
Attorney General

LISA M. HEMANN (024703)
MICHAEL G. GAUGHAN (010245)
Assistant Attorney Generals
1275 W. Washington
Phoenix, Arizona 85007-2926
Telephone: (602) 542-8346
Fax: (602) 542-3393
DefensePhx@azag.gov
Lisa.Hemann@azag.gov
Michael.Gaughan@azag.gov
Attorneys for State Defendant

**IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

A.E., a minor; and ROBERT E., as A.E.'s father and next friend, and in his own right;

Plaintiff,

vs.

STATE OF ARIZONA; BRANDY FULLER, individually and in her capacity as an employee of the State of Arizona; DANIELLE REIHER, individually and in her capacity as an employee of the State of Arizona; ROSANNA MENDOZA, individually and in her capacity as an employee of the State of Arizona; JOHN M. TESTA, individually and in his capacity as an employee of the State of Arizona; LISA WILSON, individually and in her capacity as an employee of the State of Arizona; HANNAH LORD, individually and in her capacity as an employee of the State of Arizona; SUNSHINE RESIDENTIAL HOMES, LLC, aka SUNSHINE GROUP HOMES, a licensed child care entity doing business in Maricopa Co.; ANGEL DOE, a minor in the custody of the State of Arizona; JOHN AND JANE DOES I-X; and XYZ CORPORATIONS and GOVERNMENT ENTITIES I-X;

Defendants.

Case No: CV2014-097315

**SPECIAL LIMITED NOTICE OF APPEARANCE ON BEHALF OF STATE OF ARIZONA**

(Assigned to the Hon. David Udall)

Defendants State of Arizona, Brandy Fuller, Danielle Reiher, Rosanna Mendoza, John M. Testa, and Lisa Wilson make this special limited appearance that they do not waive service and reserve the right to contest jurisdiction provided by law, by their undersigned counsel whose address and telephone number are as follows:

Lisa M. Hemann
Michael G. Gaughan
Assistant Attorneys General
Liability Management Section
1275 W. Washington
Phoenix, AZ 85007
(602) 542-8346

Respectfully submitted this 2nd day of February, 2015.

Mark Brnovich
Attorney General

/s/Lisa M. Hemann
Michael G. Gaughan
Lisa M. Hemann
Assistant Attorney General
*Attorneys for State Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants by U.S. Mail:

Laurence M. Berlin
4525 E. Skyline Drive, Suite 111
Tucson, AZ 85718
lberlin1@mindspring.com
Attorney for Plaintiffs

s/D. Anderson
#4315219

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
M. Ross, Deputy
2/3/2015 10:09:16 AM
Filing ID 6381068

**Person Filing:** **LISA M. HEMANN**
**Address:** **1275 W. Washington**
**City, State, Zip:** **Phoenix, Arizona 85007**
**State Bar:** **024703**

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | | |
|---|---|---|
| A.E., a minor; and ROBERT E., as A.E.'s father and next friend, and in his own right; | ) | **CREDIT MEMO** |
| vs | ) | |
| STATE OF ARIZONA ET AL | ) | **CASE NO. CV2014-097315** |

RECEIVED FROM: **LISA M. HEMANN**

PAYMENT FOR: STATE OF AZ/FULLER/REIHER/MENDOZA/TESTA/WILSON

**PAYMENT IS FOR THE FOLLOWING:**

- ☒ 105 CIVIL ANSWER/APPEARANCE FEE:
- ☐ 115 TRANSMITTAL FEE FOR CHANGE OF VENUE:
- ☐ 145 JUDGMENT DEBTOR EXAM FEE:
- ☐ 600 MULTI DOCUMENT FEE:
- ☒ OTHER: NLR

AMOUNT OF DEPOSIT: $237 CO-CHARGE

RECEIPT#24296704 CLERK NAME: MROSS

**HOW PAID**

- ☐ CASH:
- ☐ CHECK CHECK# BANK NAME:
- ☐ MONEY ORDER//CASHIERS CHECK
- ☐ MASTER CARD ☐ VISA ☐ AMERICAN EXPRESS

Docket Code
CME/CAN