IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ayden E., a minor; and Robert E., as Ayden's father and next friend, and in his own right, | No. CV-15-00272-PHX-SPL |
| Plaintiffs, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion to dismiss Plaintiff A.E.'s claims without prejudice (the "Motion"). (Doc. 140)  For the reasons that follow, the Motion is granted.

**I.  Background**

This case was removed from the Maricopa County Superior Court to this Court on February 12, 2015. (Doc. 1)  On July 8, 2015, the Plaintiffs filed an amended complaint seeking damages on claims of negligence and violation of civil rights (pursuant to 42 U.S.C. 1983) against the Defendants for incidents that took place while a minor ("A.E.") was in the custody of Defendant State of Arizona. (Doc. 26)  On October 14, 2016, multiple defendants filed a joint motion to dismiss this case with prejudice for lack of prosecution (the "Joint Motion to Dismiss"). (Doc. 116)  The Court granted the Joint Motion to Dismiss on November 15, 2016 and dismissed this case with prejudice. (Doc. 119, vacated by Doc. 129)

The Plaintiffs appealed the Court's Order dismissing the case with prejudice on December 14, 2016. (Doc. 121) On April 20, 2018, the United States Court of Appeals for the Ninth Circuit reversed the Court's Order and remanded the case for further proceedings. (Docs. 128, 128-1 at 2) In its decision, the Ninth Circuit stated that the Court should have considered lesser sanctions before imposing the harsh sanction of dismissal with prejudice. (Doc. 128-1 at 2)

Immediately following the Ninth Circuit's reversal, certain Defendants filed motions for summary judgment. On April 27, 2018, Defendant The Tungland Corporation filed a motion for summary judgment stating that the Plaintiffs' failure to respond to certain of Tungland's discovery requests conclusively established certain facts and eliminated any genuine disputes of material fact. (Doc. 130 at 5) On May 14, 2018, several Defendants associated with the State of Arizona[1] (the "State Defendants") filed a motion for summary judgment arguing that the Plaintiffs failed to establish the necessary elements of their claims. (Doc. 133 at 6) At the time of this Order, the Court has not ruled on either of these motions for summary judgment.

On August 21, 2018, the Plaintiffs filed the Motion seeking dismissal of Plaintiff A.E.'s claims without prejudice. (Doc. 140) The Motion was fully briefed on September 18, 2018. (Docs. 142, 143)

## II.  Legal Standard

Federal Rule of Civil Procedure 41(a)(2) states that, except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper. Fed. R. Civ. P. 41. Rule 41(a)(2) allows a court to use its discretion to dismiss an action without prejudice even after responsive pleadings have been filed by the defendant. This rule also gives a plaintiff the opportunity to dismiss an action without prejudice after the defendant has filed an answer or a motion for summary judgment. *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017).

---

[1] The State Defendants include Defendants State of Arizona, Brandy Fuller, Danielle Reiher, Rosanna Mendoza, John M. Testa, and Lisa Wilson. (Doc. 133 at 1)

Courts may also attach conditions to a voluntary dismissal to prevent prejudice to the defendant.

When ruling on a motion to dismiss without prejudice, a district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982); *Zanowick*, 850 F.3d at 1093. Legal prejudice is prejudice to a legal interest, legal claim, or legal argument. *Zanowick*, 850 F.3d at 1093. The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is left to the sound discretion of the district court, and its order will not be reversed unless the district court has abused its discretion. *Hamilton*, 679 F.2d at 145.

### III. Analysis

The Ninth Circuit has stated that a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result. *Waller*, 828 F.2d at 583. The Motion seeks to voluntarily dismiss A.E.'s claims against the Defendants without prejudice.[2] (Doc. 140 at 1) In response to the Motion, the Defendants argue that they would suffer legal prejudice in the forms of (i) unjust delay that would prevent them from defending their case and (ii) tactical benefits to Plaintiff A.E. by having a second opportunity to litigate his claims. (Doc. 142 at 4)

At this time, the Court is not persuaded that the Defendants will suffer plain legal prejudice if Plaintiff A.E.'s claims are dismissed without prejudice. The primary legal prejudice complained of by the Defendants is that the work that they have already contributed to defending this case would be wasted. (Doc. 142 at 3) The Defendants also argue that (i) they are prejudiced by any delay that would take place while Plaintiff A.E. decides if he wants to refile his claims against the Defendants and (ii) Plaintiff A.E. has received a tactical advantage by receiving a second opportunity to litigate his claims. (Doc.

---

[2] The Motion does not seek to dismiss the claims of A.E.'s father, Plaintiff Robert E. (Doc. 140 at 3)

3

142 at 3–4)  The Court finds that Ninth Circuit precedent supports the finding that none of the Defendants' arguments rise to the level of legal prejudice.  The Ninth Circuit has stated that plain legal prejudice does not result merely because a party may later bring another suit against a defendant or because a plaintiff gained some tactical advantage over a defendant. *McCauslin v. FMC Corp., San Jose-Santa Clara Operations*, 848 F.2d 198 (9th Cir. 1988); *Hamilton*, 679 F.2d at 145 (stating plain legal prejudice does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage).  Furthermore, in *Hamilton*, the Ninth Circuit also found that the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice. *Hamilton*, 679 F.2d at 145.  Accordingly, the Court finds that the Defendants have not demonstrated that they will suffer plain legal prejudice if Plaintiff A.E.'s claims are dismissed without prejudice.

In the event that the Court found that voluntary dismissal was appropriate, the Defendants request for the Court to order Plaintiff A.E. to pay their attorneys' fees and costs accrued in defending the present action. (Doc. 140 at 2)  In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss. *Santa Rosa Mem'l Hosp. v. Kent*, 688 F. App'x 492, 494 (9th Cir. 2017).

The Defendants argue that the timing of Plaintiff A.E.'s motion to dismiss, after the close of discovery, a Ninth Circuit appeal, and fully-briefed dispositive motions, weighs in favor of awarding the Defendants attorneys' fees and costs for the time and effort contributed to defending this case. (Doc. 142 at 4)  However, the Court finds that saddling a minor child with costs and attorneys' fees is inappropriate under the present circumstances.  The Court finds that the Defendants will not be overly burdened by the expense of a potential second litigation and that, especially for the State Defendants, the effort and expense of preparing for trial should be anticipated.  The Court notes that

discovery deadlines have passed, but the Defendants admit that they were not able to take very much discovery. (Doc. 142 at 1) This case is not a complex litigation. The Defendants did not successfully depose any Plaintiffs, and the Defendants only complain of engaging in "voluminous" document production. (Doc. 142 at 3) Furthermore, it is commonplace for plaintiffs to file for voluntary dismissal after dispositive motions have been filed and fully briefed. And, the Court finds that Plaintiff A.E. timely filed the Motion in light of the Ninth Circuit's reversal of the Court's Order dismissing the case with prejudice.

Accordingly,

**IT IS ORDERED:**

1. That the Motion to Dismiss (Doc. 140) is **granted**;

2. That the claims of Plaintiff A.E. are **dismissed without prejudice** in their entirety. The Court declines to impose any conditions on the voluntary dismissal of these claims;

3. That each party shall bear its own costs and attorneys' fees; and

4. That Plaintiffs Robert E. and Pima County Office of Children's Counsel must file a joint status report identifying the remaining claims to be litigated before the Court by **January 18, 2019**.

Dated this 10th day of December, 2018.

Honorable Steven P. Logan
United States District Judge