**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert E., <br><br> Plaintiff, <br><br> v. <br><br> State of Arizona, et al., <br><br> Defendants. | No. CV15-00272-PHX-DGC <br><br> **ORDER** |

This case concerns the alleged wrongful removal of a minor child, A.E., from his father's custody; his placement into foster care; and his alleged molestation while in the foster care system. A.E.'s claims have since been dismissed without prejudice (Doc. 145), and the only remaining claims are those asserted by A.E.'s father, Robert E. Defendants separately move for summary judgment. Docs. 160, 162. Defendant Tungland Corporation joins in the motion filed by the State Defendants and Angel Doe. Doc. 166. Plaintiff has not responded. The Court will grant the motions for summary judgment.[1]

**I. Summary Judgment Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine

---

[1] This case was recently transferred to the undersigned judge with the motions already pending.

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides:

> If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(3). Thus, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986) (emphasis added); *see* LRCiv 56.1(b) (requiring the party opposing summary judgment to present evidence that establishes a genuine issue of material fact or otherwise precludes judgment in favor of the moving party).

## II. Undisputed Facts.

Defendants moved for summary judgment on July 25, 2019. Docs. 160, 162. Plaintiff has not responded to the motions despite being warned that failure to demonstrate a genuine issue of material fact may entitle Defendants to judgment as a matter of law under Rule 56. Doc. 164. Based on Defendants' statements of facts and supporting evidence (Docs. 161, 163), the following facts are undisputed. *See* Fed. R. Civ. P. 56(e)(3).

On July 8, 2015, Plaintiffs filed an amended complaint against Defendants seeking damages on claims of negligence and violation of civil rights under 42 U.S.C. § 1983 for incidents that took place while A.E. was in state custody. Doc. 26. Plaintiffs allege A.E. was unlawfully taken from his family, placed in dangerous conditions, exposed to "sexual, mental, and physical abuse," and "[d]rugged . . . with harmfully inappropriate psychotropics notwithstanding the denial of parental consent." Doc. 1-1 at 11-12.

On October 14, 2016, multiple defendants filed a joint motion to dismiss for lack of prosecution. Doc. 116. The Court granted the motion and dismissed the case with prejudice. Doc. 119. On appeal, the Ninth Circuit reversed and remanded with instructions to impose a sanction other than dismissal with prejudice. Docs. 128, 128-1 at 2.

On August 21, 2018, Plaintiff A.E. filed a motion to dismiss, which the Court granted without prejudice as to all claims. Docs. 145, 148. In December 2018, the Court denied motions for summary judgment filed by Defendant Tungland Corporation (Doc. 130) and Defendants State of Arizona, Brandy Fuller, Danielle Reiher, Rosanna Mendoza, John M. Testa, Lisa Wilson, and Defendant Angel Doe. Docs. 130, 133. In denying the motions, the Court, in the interests of justice, reopened discovery "for a limited period of time in order to allow the remaining parties in this case to move forward with litigating their claims." Doc. 146.

Since the Court's order, Plaintiff has failed to participate in this litigation. Doc. 161 ¶ 1. Notably, Plaintiff has failed to respond to requests from admissions both from Defendant Angel Doe and the State Defendants, has failed to attend his deposition on April 23, 2019, has served no discovery, and has not contacted any attorney of record in this case. *Id.* ¶ 2.

**III. Discussion.**

    **A. State Defendants' and Defendant Angel Doe's Motion.**

        **1. Negligence Claim.**

Plaintiff asserts negligence claims against the State Defendants and Angel Doe. Doc. 26 at 6. Defendants argue that Plaintiff has failed to produce any evidence that would create a triable issue on the negligence claims. Under Arizona law, a plaintiff is required to prove (1) a duty requiring the defendant to conform to a certain standard of care, (2) a breach by the defendant of that standard, (3) a causal connection between the defendant's conduct and the resulting injury, and (4) actual damages. *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007).

Plaintiff has produced no evidence establishing any of the required elements of a negligence claim. In failing to respond to Defendants' motion and participate in this litigation, Plaintiff has established no triable issues with respect to his negligence claim. *See Matsushita*, 475 U.S. at 586 n.11 (requiring non-moving party to set forth specific facts showing that there is a genuine issue for trial). The Court accordingly will grant summary

1 | judgment in favor of the State Defendants and Angel Doe on the negligence claim. *See Celotex*, 477 U.S. at 323 (noting that summary judgment is warranted where the party with the burden of proof has failed to present evidence creating a triable issue).

### 2. § 1983 Claim.

Plaintiff also asserts a § 1983 claim against the State Defendants and Angel Doe. To prevail on a § 1983 claim, a plaintiff must show that acts by the defendants under color of state law deprived him of federal rights, privileges, or immunities, and caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (citing *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). Plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Defendants argue that Angel Doe is not a state actor under § 1983. Doc. 160 at 7. To determine whether a person is a state actor, the Ninth Circuit recognizes four tests, including: (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id.* (quoting *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002)).

Angel Doe was a private actor also in state custody (Doc. 160 at 2), and Plaintiff has provided no evidence indicating that he was endowed by the State with any public function, that he was a joint-participant with the State in any way, that he was under any compulsion or coercion from the state, or that his actions have any substantial nexus with the State. *See Kirtley*, 326 F.3d at 1092-95. The Court agrees with Defendants that Angel Doe is not a state actor and will grant summary judgment in Angel Doe's favor.

Nor is the State a proper Defendant for purposes of the § 1983 claim. The United States Supreme Court has clearly held that a State is not a person within the meaning of

§ 1983. *See Will v. Michigan Dep't State Police*, 491 U.S. 57, 71 (1989). The Court will grant summary judgment in favor of the State.

Finally, Plaintiff has presented no evidence indicating any triable issues with respect to the individual State Defendants. Plaintiff has not established any specific injury traceable to the conduct of a particular defendant. *See Rizzo*, 423 U.S. at 371-72, 377. The Court will grant summary judgment in favor of the individual State Defendants.

**B. Defendant Tungland Corporation's Motion.**

In addition to joining the State Defendants' motion (Doc. 166), Tungland Corporation argues that Plaintiff's claim against it fails for lack of evidence. The Court agrees. Arizona law requires a plaintiff to prove a duty of care owed to the plaintiff. *Gipson*, 150 P.3d at 230. Plaintiff has presented no evidence whatsoever indicating what duty Tungland Corporation owed to a birth parent. The Court will grant summary judgment in favor of Defendant Tungland Corporation.

**IV. Conclusion.**

Plaintiff has presented no evidence showing a genuine factual issue for trial. The Court will grant summary judgment on all remaining claims. *See Matsushita*, 475 U.S. at 586 n.11; LRCiv 56.1(b).

**IT IS ORDERED:**

1. The motions for summary judgment (Docs. 160, 162) are **granted**.
2. Defendants' joint motion for summary disposition (Doc. 169) is **granted.**
3. The Clerk is directed to enter judgment in accordance with this Order and terminate this action.

Dated this 5th day of November, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge